IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WILLIAM TYLER,<br><br>                            *Plaintiff,*<br><br>v.<br><br>CASHFLOW TECHNOLOGIES, INC.,<br><br>                            *Defendant.* | CASE NO. 6:16-CV-00038<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

      William Tyler ("Plaintiff"), acting *pro se*, initiated this case, seeking declaratory and injunctive relief for allegations of trademark infringement by Cashflow Technologies, Inc. ("Defendant"), as well as damages "in excess of $150,000" based upon claims of defamation, libel *per se*, unfair competition, and unjust enrichment. (Dkt. 1 at 18). This case arises out of the use of the term "Cashflow" in the title of a mobile phone application created by Plaintiff, which Defendant believes violates one or more of its trademarks. (Dkts. 1 & 4).

      Defendant filed an Answer, Defenses, and Counterclaim to Plaintiff's Complaint. The counterclaim named Plaintiff and NDL, Inc. ("NDL"), which is owned by Plaintiff, as counter defendants. (Dkt. 4). Defendant's counterclaim alleges trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a), common law trademark infringement, and common law unfair competition. (Dkt. 4 at 12–13). In addition, Defendant seeks a declaratory judgment that its actions were not defamatory, libelous, or unfairly competitive, as well as an injunction prohibiting NDL from using "Cashflow" as the name of its software. (Dkt. 4 at 15–16).

      This matter is before the Court upon NDL's and Plaintiff's motions to dismiss all counterclaims pursuant to Rule 12(b)(6). (Dkts. 11 & 15). NDL's motion was also styled as a

1

motion for summary judgment. (Dkt. 15). Lastly, Plaintiff filed a motion for sanctions against Defendant. (Dkt. 29).

Based on the pleadings and the applicable case law, the motions to dismiss will be denied in part and granted in part. Defendant's counterclaims of trademark infringement and unfair completion will be retained because they state a claim upon which relief can be granted. Defendant's declaratory judgment counterclaims, however, will be dismissed as duplicative. Defendant's declaratory judgment counterclaims are merely defenses masquerading as counterclaims; they ask the Court to essentially rule in Defendant's favor on the merits of Plaintiff's claims. That is not the purpose of a declaratory judgment, and thus the declaratory judgment claims will be dismissed. Because genuine issues of material fact remain and additional discovery would aid in resolving such issues, NDL's motion for summary judgment is premature and will be denied. Lastly, Plaintiff's motion for sanctions will be denied because Defendant's counterclaims are not frivolous.

## I. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true

unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

*B. Motion for Summary Judgment*

Summary judgment is warranted if the Court concludes that no genuine issue of material fact exists for trial and that the moving party is entitled to judgment as a matter of law, based on the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits. *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013) (citing Fed. R. Civ. P. 56). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a genuine issue of material fact exists, a party may not rest upon his own mere allegations or denials. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Rather, the party must "proffer[] sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993). To this end, a district court has an "affirmative obligation . . . to prevent 'factually unsupported claims [or] defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24).

3

### C. Motion for Sanctions

Under Rule 11(c)(2) of the Federal Rules of Civil Procedure, a party may ask the Court to issue sanctions against another party who violates Rule 11(b). The Fourth Circuit has held that the primary purpose of Rule 11 is to "deter future litigation abuse." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002).

Substantively, Rule 11(b) imposes four different requirements upon litigants. *See* Fed. R. Civ. P. 11(b)(1)–(4). Although Plaintiff does not cite as specific section in his motion, two of the four requirements appear relevant to Plaintiff's motion. When a lawyer submits a document to the court, he or she certifies that:

> to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the legal contentions are warranted by existing law or by a nonfrivolous argument . . . and (3) the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

Courts evaluate alleged Rule 11(b)(2) violations using an objective reasonableness standard. A legal argument fails to satisfy Rule 11(b)(2) when "a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 277 (4th Cir. 2006). The legal argument must have absolutely no chance of success under the existing precedent to contravene the rule. *Id.*

Only factual allegations that are wholly "unsupported by any information obtained prior to filing" will fail to satisfy Rule 11(b)(3). *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991). While certain legal claims may not survive a motion to dismiss, a sanction under Rule 11 is entirely different. *Id.* "Only the lack of any legal or factual basis is sanctionable." *Hunter*, 281 F.3d at 153. In *dicta*, this Court agreed, "neither the certification requirement on evidentiary support, nor Rule 11 in its entirety," requires that a party proves its case before filing

4

a complaint or another document. *Schwartz & Schwartz of Virginia, LLC v. Certain Underwriters at Lloyd's, London Who Subscribed to Policy No. NC959*, 677 F.Supp.2d 890, 898 (W.D. Va. 2009).

## II. FACTS AS ALLEGED

Plaintiff is an independent software developer who created and sold two personal finance smart phone applications called "Cashflow" and "Cashflow (Free)" through his closely held corporation, NDL. (Dkt. 1 at 1–2). Defendant is a corporation domiciled in Nevada that owns various trademarks on the term "Cashflow." (Dkt. 1 at 3; dkt. 4 at 13). The "Cashflow" trademarks are used "in connection with financial educational products and services." (Dkt. 4 at 12).

In July 2015, Defendant informed Google that it believed NDL's application violated its trademark rights, and the application was removed from Google's platform. (Dkt. 1 at 4–5; dkt. 4 at 3). On September 29, 2015, a representative for Defendant notified Amazon that NDL's use of "Cashflow" was not authorized by Defendant, and the application was removed from Amazon's platform. (Dkt. 4 at 3).

## III. MOTION TO DISMISS

### A. Trademark Infringement and Unfair Competition

Defendant's counterclaim alleges both statutory and common law claims of unfair competition, as well as common law trademark infringement on the grounds that Plaintiff and NDL used their trademark "Cashflow" in commerce. (Dkt. 4 at 12–13). Because "[t]he test for trademark infringement and unfair competition under the Lanham Act is essentially the same as that for common law unfair competition under Virginia law," these claims will be discussed together. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 930 n.10 (4th Cir. 1995). Plaintiff and NDL moved the Court to dismiss these claims on the following

5

grounds: (1) statute of limitations; (2) laches; (3) judicial estoppel; and/or (4) insufficient facts.

    1.    <u>Defendant's unfair competition and trademark infringement claims are not barred by the statute of limitations</u>

Plaintiff and NDL argue that, because over five years passed between when the Cashflow application was first published and when Defendant asked that it be removed from the Amazon and Google application stores, Defendant's claim runs afoul of the statute of limitations. (Dkt. 12 at 3; dkt. 16 at 2). Defendant argues that because the infringement was ongoing, infringement claims continued to accrue each time that the application was sold. (Dkt. 23 at 5–6).

Because the Lanham Act does not have an express statute of limitations, courts employ limitations periods from an analogous state law claims. *See Reed v. United Transp. Union*, 488 U.S. 319, 323–24 (1989). Some courts, based on the theory that a trademark is a form of property, have employed Virginia's five-year statute of limitations on actions related to injury to property. *See, e.g.*, *Lamparello v. Falwell*, 360 F. Supp. 2d 768, 775 (E.D. Va. 2004), *rev'd and remanded on other grounds*, 420 F.3d 309 (4th Cir. 2005). Other courts, however, have analogized such claims to fraud, and thus have imposed a two-year statute of limitations. *See, e.g.*, *Teaching Co. P'ship v. Unapix Entm't, Inc.*, 87 F. Supp. 2d 567, 585 (E.D. Va. 2000). At this stage, the Court need not decide which statute of limitations to employ because Defendant's counterclaims were timely filed under either standard.

"[A] claim accrues when one has knowledge of a violation or is chargeable with such knowledge." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001) (internal quotation marks omitted). Plaintiff and NDL argue that Defendant should be charged with knowledge of the infringement from the time the Cashflow application was first published in August 2010. (Dkt. 12 at 3; dkt. 16 at 2). Even if such an assertion is true, Plaintiff and NDL misunderstand what constitutes an infringement. The Fourth Circuit has stated that "each sale or rental should be considered separately under an infringement analysis." *Id.* at 797. Thus, each

6

sale of the Cashflow application was a potential infringement. Because the Cashflow application was presumably being sold up until it was removed in July 2015—and Defendant could not have known about sales before they happened—many of the sales that constitute the alleged trademark infringement and unfair competition accrued within both the two-year and five-year statutes of limitations. (Dkt. 1 at 4).

Plaintiff and NDL analogize this case to *Lamparello* in order to support their proposition that the infringement occurred—and thus accrued—when the Cashflow application was first published, but that case is distinguishable. (Dkt. 12 at 3; dkt. 16 at 2). In *Lamparello*, the Court found that an infringement claim accrued—and thus the statute of limitations began running—when a website was published. *Lamparello*, 360 F. Supp. 2d at 775. The instant case is different because although the Cashflow application was *published* in August 2010 (which may have constituted infringement and thus a claim accrued), it *continued to be sold* until it was removed in July 2015. (Dkt 1 at 4). Provided that "each sale or rental should be considered separately," *Lyons P'ship, L.P.*, 243 F.3d at 797, each sale of the Cashflow application constituted a new infringement. Thus, Defendant's trademark infringement and unfair competition claims are not barred by the statute of limitations because sales continued until July 2015.

> 2. Defendant's unfair competition and trademark infringement claims are not barred by the laches defense

The Fourth Circuit has established three factors to consider when a party asserts a laches affirmative defense: "(1) whether the owner of the mark knew of the infringing use; (2) whether the owner's delay in challenging the infringement of the mark was inexcusable or unreasonable; and (3) whether the infringing user has been unduly prejudiced by the owner's delay." *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 300 (4th Cir. 2012).

Taking the allegations in the complaint as true, Plaintiff and NDL have failed to establish a laches affirmative defense, because it is simply too early in the course of litigation to properly

7

evaluate any of the laches factors. For instance, it is not clear, based on the pleadings, when Defendant became aware of NDL and Plaintiff's "Cashflow" application, and thus the Court is unaware of any delay in challenging the infringement. Although Plaintiff and NDL are not precluded from raising a laches defense, such an argument is better served for summary judgment when more information is available to the Court. Based solely on the pleadings, Plaintiff and NDL have not met their burden of establishing a laches affirmative defense.

3. Judicial estoppel does not bar Defendant's claims at this stage

Both Plaintiff and NDL raise judicial estoppel as a defense to Defendant's counterclaims. Judicial estoppel is a defense in equity that prevents a party from taking a position that is contrary to a position taken either in the same or similar litigation. *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001).

Plaintiff and NDL allege that Defendant is judicially estopped from asserting trademark and unfair competition claims here because it took a contrary position regarding the extent of their "Cashflow" trademark in a previous proceeding before the United State Patent and Trademark Office ("USPTO"). (Dkt. 28 at 4). Plaintiff claims that Defendant took the position that "cashflow" is a term "frequently used in connection with software products that calculate or display cashflows." (Dkt. 16 at 6). Defendant responds in a few ways. First, Defendant argues that judicial estoppel only precludes taking a contrary position *of fact*, rather than law. *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996). Second, Defendant argues, in the alternative, that the USPTO cancellation proceeding was not litigation and thus not covered by judicial estoppel. Finally, Defendant asserts that Plaintiff and NDL have failed to establish bad faith, which is required to prove judicial estoppel. *Zinkland v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007).

Once again, the parties are arguing about facts that are outside the pleadings. In fact, the Fourth Circuit has made clear that "dismissal on this basis [judicial estoppel] is improper when the

facts alleged to have prompted a prior, inconsistent position are in dispute." *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 27 (4th Cir. 1995). Not only are the facts alleged entirely outside the pleadings, but they are clearly in dispute and need to be investigated further in discovery. Dismissal on the basis of judicial estoppel is not warranted at this stage because Plaintiff and NDL have failed to meet their burden of proving an affirmative defense.

    4.    <u>Defendant has pled sufficient facts to state a claim upon which relief can be granted</u>

Lastly, Plaintiff and NDL argue that Defendant's counterclaims simply fail to plead sufficient facts in order to establish a claim upon which relief can be granted. They do so by asserting that Defendant's factual allegations are "nothing more than legal conclusions" and/or factually untrue. (Dkt. 16 at 8; dkt. 12 at 4). Taking the factual allegations in the counterclaim as true and drawing all reasonable inferences in the counter claimant's favor, however, Defendant has alleged enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A claimant must satisfy five elements in order to establish trademark infringement and unfair competition:

> (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred in commerce; (4) that the defendant used the mark in connection with the sale, offering for sale, distribution, or advertising of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers.

*People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) (internal quotation marks omitted). The first four elements are not in dispute at this stage. Taking Defendant's factual allegations as true, it has clearly established that (1) it possesses numerous "Cashflow" trademarks; (2) Plaintiff and NDL used the mark; (3) that use was in commerce, and (4) the mark was used "in connection with the sale . . . of goods," *i.e.* the Cashflow application. (Dkt. 4 at 12).

9

The main point of contention is whether Defendant has sufficiently alleged that Plaintiff and NDL used the "Cashflow" mark "in a manner likely to confuse consumers." Evaluating the likelihood of confusion requires the Court to consider nine factors:

> (1) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public.

*George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009). "Not all of these factors are of equal importance, nor are they always relevant in any given case." *Id.* (internal quotation marks omitted).

Defendant states that "NDL and Plaintiff have used and continue to use the term "CASHFLOW" in a manner likely to cause confusion," (dkt. 4 at 13), but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). However, in addition to this formulaic statement, Defendant has established that it uses the "Cashflow" mark for "financial education products," (dkt. 4 at 12), that Plaintiff and NDL sell a personal finance application entitled "Cashflow," (*id.*), and that the "Cashflow" application is "used to balance checking or other financial accounts." (*Id.*). Based on these allegations, a consumer with knowledge of Defendant's business, when presented with Plaintiff and NDL's "Cashflow" application, could reasonably believe that it was created by Defendant. Taken together, these allegations collectively establish a plausible claim of consumer confusion. Because "all reasonable inferences [are] drawn in the plaintiff's favor," *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005), I find that Defendant's counterclaim, taken as a whole, establishes a likelihood of confusion. I will note, however, that Defendant will need to provide additional proof of potential confusion if it wishes to defeat a future motion for summary judgment or win at trial.

Plaintiff and NDL rely on facts outside the pleadings to buttress their argument and question the validity of Defendant's factual assertions. Such issues are better suited for summary judgment following proper discovery, and arguments regarding the credibility of Defendant's factual allegations are misplaced at the Rule 12(b)(6) stage. Taking the factual allegations in the pleadings as true, *see Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 71 (4th Cir. 2016), the Defendant has alleged facts sufficient to establish trademark infringement and unfair competition. Therefore, I find that Defendant has "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

### B. Declaratory Judgment

Defendant's counterclaim asks the Court to issue a declaratory judgment finding that "there is no defamation, defamation *per se*, libel, or libel per se by Defendant," as well as "no unfair completion by Defendant." (Dkt. 4 at 16). These counterclaims are the inverse of Plaintiff's claims that Defendant committed defamation, libel, and unfair competition. (Dkt. 1 at 1, 16–17).

Analyzing a claim for declaratory relief inevitably begins with the statutory provision that provides for such relief. The Code states that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). By its very nature, then, declaratory relief is granted at the discretion of the Court; it is not "an absolute right" of the litigant. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

Although the Declaratory Judgment Act "should be liberally construed," it is not meant to be used "to interfere with an action which has already been instituted." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937); *see also Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*,

11

139 F.3d 419, 422 (4th Cir. 1998). "Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves no useful purpose because the controversy has ripened and the uncertainty and anticipation of litigation are alleviated." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) (internal citations and quotations omitted); *see also Boone v. MountainMade Found.*, 684 F. Supp. 2d 1, 12 (D.D.C. 2010) ("[W]hen the request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, courts often exercise their discretion to dismiss the counterclaim on the ground that it is redundant and a decision on the merits of plaintiff's claim will render the request for a declaratory judgment moot." (internal quotation marks omitted)).

Simply put, these counterclaims are duplicative, and I decline to hear them. Defendants' requests for declaratory judgment will be dismissed because they are merely defenses characterized as counterclaims. *See* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."). Defendant's Declaratory judgment claims, which ask the Court to determine whether Defendant committed defamation, libel, or unfair competition, are functionally equivalent to Plaintiff's claims that Defendant committed defamation, libel, and unfair competition. To consider both claims would be duplicative and force "the court to handle the same issues twice." *Penn Mutual Life Ins. Co. v. Berck*, No. DKC 09-0878, 2010 WL 3294305, at *3 (D. Md. Aug. 20, 2010); *cf. Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 966 (4th Cir. 1994) (upholding a district court's decision to dismiss a declaratory judgment action when the underlying issue was already pending in another suit).

Thus, I will grant NDL and Plaintiff's motions to dismiss as to the declaratory judgment counterclaims, and Defendant's requests for declaratory judgment will be dismissed.

## IV. MOTION FOR SUMMARY JUDGMENT

NDL's motion was styled as both a Rule 12(b)(6) motion and/or a motion for summary judgment. (Dkt. 15 at 2). Although it is true that a party "may file a motion for summary judgment at any time until 30 days after the close of discovery," Fed. R. Civ. P. 56(b), all parties must "be given reasonable opportunity to present all material made pertinent to such a motion." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). This "reasonable opportunity" requires the Court to grant all parties the right to "file counter affidavits or pursue reasonable discovery." *Id.*

No meaningful discovery had taken place when this motion was filed. Although both parties have attached some affidavits and exhibits to their briefs, formal discovery had not begun at the time of this motion. It would be premature to convert NDL's Rule 12(b)(6) motion to a Rule 56 motion at this time. Material issues of fact remain in this case that will be further investigated and developed during discovery. *See, e.g., id.* at 178 (finding abuse of discretion where a district court converted a Rule 12(b)(6) motion to a Rule 56 motion despite one party not being "afforded an opportunity for reasonable discovery").

Additionally, a district court is only *required* to convert a motion to dismiss into one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Here, the Court has not considered material outside the pleadings and will decline to convert NDL's motion to a Rule 56 motion for summary judgment.

## V. MOTION FOR SANCTIONS

In addition to his motion to dismiss, Plaintiff filed a motion for sanctions against Defendant on the ground that its counterclaims were baseless and frivolous. The mere fact that Defendant's trademark infringement counterclaims are not being dismissed should be proof enough that they were not frivolous. Although Defendant's declaratory judgment claims are being dismissed, "creative claims . . . may merit dismissal, but not punishment." *Davis v. Carl*,

13

906 F.2d 533, 538 (11th Cir. 1990). Declaratory judgment actions are discretionary, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995), so a reasonable attorney could have believed Defendant's claims were legally justified. *See Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 277 (4th Cir. 2006). Because "[o]nly the lack of any legal or factual basis is sanctionable," *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002), sanctions are not warranted in this case. Plaintiff's motion for sanctions will be denied.

### VI. CONCLUSION

Based on the foregoing, Plaintiff and NDL's motions to dismiss Defendant's counterclaims will be granted in part and denied in part. Defendant's declaratory judgment claims will be dismissed as duplicative, but Defendant's unfair competition and trademark claims will be retained because they satisfy the Rule 12(b)(6) standard. Furthermore, NDL's alternative Rule 56 motion for summary judgment will be denied without prejudice, as additional discovery is needed in order to clarify the facts at issue. Additionally, Plaintiff's motion for sanctions will be denied.

Lastly, alternative means of resolving this dispute were discussed during oral argument and worth noting here. For instance, in exchange for Defendant withdrawing its Google and Amazon grievances, Plaintiff expressed a willingness to change the name of his "Cashflow" application and/or provide a disclaimer explaining that the application has no affiliation to Defendant. As this case continues, I encourage the parties to consider this option, as well as other means of settling this dispute.

Entered this __3rd__ day of November, 2016.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE